# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV18-09206-RGK (MAAx) | Date | November 15, 2018 |
|---|---|---|---|
| Title | ***ARTHUR MOGILEFSKY, etc. v. FIDELITY BROKERAGE SERVICES, LLC*** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Remanding Action to State Court

On August 22, 2018, Arthur Mogilefsky, Arthur Mogilefsky Living Trust, and Arthur Mogilefsky Trustee ("Plaintiffs") filed a complaint against Fidelity Brokerage Services, LLC ("Defendant") alleging violations of the California Business and Professions Code. Plaintiffs sought restitution and injunctive relief. Subsequently, Plaintiffs filed a First Amended Complaint ("FAC") seeking injunctive relief only. In his FAC, Plaintiffs allege that Defendant falsely advertises and makes untrue and misleading statements regarding its fees related to stock trades. Plaintiffs seek injunctive relief ordering Defendant to cease its unlawful conduct and engage in corrective advertising.

On October 29, 2018, Defendant removed the action to this Court alleging jurisdiction on the grounds of diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must supply this jurisdictional fact in the Notice of Removal by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-567 (9th Cir. 1992).

In its Notice of Removal, Defendant offers evidence by way of a general statement declaring that the amount of fees collected from California customers over the past four years substantially exceeds $75,000. This evidence is insufficient. Plaintiffs' complaint seeks injunctive relief only. In an action seeking injunctive relief, the amount in controversy is measured by the value of the object of the litigation. However, based on the FAC, the value of the relief sought is not the amount of fees collected.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV18-09206-RGK (MAAx) | Date | November 15, 2018 |
|---|---|---|---|
| Title | ***ARTHUR MOGILEFSKY, etc. v. FIDELITY BROKERAGE SERVICES, LLC*** | | |

Rather, the value of the relief is the cost of corrective advertising and supervision of Defendant's compliance with FTC guidelines and ethical standards. Defendant has offered no evidence with respect to those costs.

In light of the foregoing, the Court finds that Defendant has failed to satisfy its burden, and **remands** the action to state court for all further proceedings.

**IT IS SO ORDERED.**

  :  
Initials of Preparer